(122 So. 183)

### STATE v. JORDAN.   (3 Div. 632.)

Court of Appeals of Alabama.   March 26, 1929.

Rehearing Denied April 30, 1929.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Edwin C. Page, Jr., of Evergreen, for appellee.

SAMFORD, J.  The appellee was adjudged guilty of an assault and battery, and was sentenced to hard labor for a sufficient number of days to work out the fine and costs. It is without dispute that the convict was under the control of the state board of administration by virtue of a contract by and between the court of county commissioners of Escambia county and the state board of administration, which contract was made pursuant to statute.  Gen. Acts 1927, p. 52.

The convict has performed hard labor under the management of the state board of administration for a sufficient number of days to discharge the sentence for default in the payment of the fine.

He has not worked out his sentence for costs, or any part thereof. The judgment for costs was in the sum of $78, which he paid in cash to the clerk of the circuit court of Monroe county, in which county the conviction was had, receiving the clerk's certificate therefor. Neither the state board of administration nor the state convict department has received from the convict or from the clerk any sum in discharge of the obligation for costs.

It was agreed that the convict has paid the sum sufficient to discharge the costs to the circuit clerk, after his sentence for costs and after his delivery to the state convict department, and that the circuit clerk has not paid to the convict department the costs so collected.

This seems to us to be a controversy between the convict board and the county, in which the petitioner is not interested. The defendant was convicted on a charge of misdemeanor. A judgment ran against him for the costs, and, failing to pay the same at the time of conviction, sentence followed. Subsequently the convict paid the costs in full under and by authority of the statute, and received the proper certificate from the clerk of the court in which the conviction was had. This certificate entitles the convict to his discharge.  Code 1923, § 5291.

General Acts 1927, p. 53 et seq., does create obligations between the state and county, but does not affect the rights of the convict under section 5291, which is still in full force and effect.

The judgment is affirmed.

Affirmed.